# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 20, 2013

145833

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

JOHNNY ALLEN HARRIS,
       Defendant-Appellant.

SC: 145833
COA: 296631
Oakland CC: 2009-225570-FC

_____/

On November 7, 2013, this Court heard oral argument on the application for leave to appeal the July 19, 2012 judgment of the Court of Appeals. On order of the Court, the application is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the July 19, 2012 judgment of the Court of Appeals and we again REMAND this case to that Court. In this Court's April 18, 2012 order, we concluded that "[t]he trial court impermissibly allowed Dr. Carrie Ricci to testify that the complainant was the victim of child sexual abuse and trial counsel was ineffective for failing to object to this evidence." Our April 18, 2012 order remanded this case to the Court of Appeals to "determine whether the defendant was prejudiced by the admission of the doctor's diagnosis and whether the defendant is entitled to a new trial." On remand, the Court of Appeals erred by focusing on whether the complainant's "testimony alone was sufficient to sustain Harris's conviction." On remand, we DIRECT the Court of Appeals to determine whether the defendant was prejudiced by the admission of the doctor's diagnosis under both the plain error test articulated in *People v Carines*, 460 Mich 750, 763-764 (1999), and the ineffective assistance of counsel standard. *People v Toma*, 462 Mich 281, 302-303 (2000), quoting *People v Mitchell*, 454 Mich 145, 167 (1997). See, also, *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984) ("The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.").



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 20, 2013 _____



t1218

                                  Clerk